UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BIKUTI, INC., § | |
| § | |
| Plaintiff, § | |
| § | Case No. 4:23-cv-01217-O |
| vs. § | |
| § | |
| MID-CONTINENT CASUALTY § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Bikuti, Inc. ("Plaintiff" or "Bikuti") and files this First Amended Complaint against Defendant, Mid-Continent Casualty Company, and alleges the following:

## I. INTRODUCTION & SUMMARY OF CLAIMS ASSERTED

1. This is a suit for breach of contract and for violations of the Texas Insurance Code on account of Defendant Mid-Continent Casualty Company's ("Defendant" or "Mid-Continent") failure, among other things, to honor a policy of insurance covering clean-up costs resulting from a pollution incident.

2. This case arises out of contamination at one of the southern tank pits at the property located at Taylor Food Mart, 1710 N. Graham Street, Stephenville, Texas 76401 (the "Insured Site"). Bikuti previously tendered and is receiving coverage for diesel contamination at a northern tank pit on the property. That contamination is being handled under claim number 3001193 (the "Diesel Claim"). The Diesel Claim is nearing the completion of clean-up.

3. Bikuti removed other fueling equipment at the Insured Site so that the equipment could be replaced. The removals included two gasoline tanks and a diesel tank located south of the original contamination site. Additional contamination was discovered at the southern tank pits on or around July 28, 2021 – both diesel and gasoline contamination was identified in the southern tank pit. Additionally, Bikuti created an additional tank pit located north of the former gasoline dispensers. There was also contamination of both diesel and gasoline contamination at the new tank location (the "Gasoline Claim").

4. Bikuti submitted present and future "clean up" costs related to the Gasoline Claim. As part of Mid-Continent's investigation of this new pollution incident, it claimed a substance called methyl tertiary butyl ether, or "MTBE," was found in the sampling. Claiming that MTBE was removed from gasoline in 2006, Mid-Continent then contends that MTBE in the soil indicated that the pollution incident presently in question commenced prior to the April 6, 2016 retroactive date in the policy. Mid-Continent denied coverage based on its unilateral "findings" in this regard.

5. Bikuti then commenced this suit to establish that Mid-Continent's coverage decision was incorrect. Bikuti contends that an independent report or investigation, performed by or at the direction of Bikuti regarding the spill, will (and does) disprove Mid-Continent's coverage decision.

## II.   PLAINTIFF'S CORRECT NAME

6. As noted in the parties' Joint Report filed on March 1, 2024 [Dkt. 7], Plaintiff Bikuti, Inc. was a policy holder of Defendant Mid-Continent Casualty Company. When the lawsuit was originally filed in the 415th Judicial District Court of Parker County, Texas, a typo was made (and repeated), and, instead of "Bikuti, Inc." it was mistakenly filed as "Dikuti, Inc." Plaintiff is Bikuti, Inc.

### III.   PARTIES

7. Plaintiff, Bikuti, Inc., is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Weatherford, Parker County, Texas.

8. Defendant, Mid-Continent Casualty Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Mid-Continent Casualty Company may be served pursuant to Tex. Admin. Code, Section 7.105, through United Agent Group, 5444 Westheimer, Ste. 1000, Houston, Texas 77056.

### IV.   JURISDICTION AND VENUE

9. Jurisdiction of this action is conferred upon this Court per 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiff and Defendant, and (2) the value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This Court has personal jurisdiction over the Defendant in this action because Defendant regularly conducts business in the State of Texas and has engaged in conduct alleged herein in Texas targeted toward Texas resident(s), business(es), and/or interest(s).

11. In accordance with 28 U.S.C. § 1391, venue in this Court is appropriate because Defendant operates in the Northern District of Texas; and the acts causing injury occurred in the Northern District of Texas and specifically within the Fort Worth Division of the Northern District of Texas.

### V.   STATEMENT OF FACTS

12. Plaintiff Bikuti incorporates paragraphs 1-5 above in this Statement of Facts. The insurance policy "claim" asserted and described below shall refer to the Gasoline Claim as defined and detailed in paragraphs 1-5 above.

13. Plaintiff Bikuti asserts claims for breach of contract, common law bad faith, and violations of sections 541 and 542 of the Texas Insurance Code.

14. Plaintiff Bikuti owned a Mid-Continent insurance policy, number 04-TOP-000009349 (the "Policy").

15. Mid-Continent or its agents sold the Policy to Plaintiff and represented that the Policy would pay for "cleanup costs," resulting from a pollution incident that occurred on or after a retroactive date from the storage tank system.

16. A loss occurred within the covered dates but Mid-Continent refused to pay.

17. Plaintiff asked Mid-Continent to cover the cost of damage pursuant to the Policy.

18. Mid-Continent hired or assigned an alleged expert to inspect and help adjust the claim. The alleged expert conducted an inspection of the premises.

19. The alleged expert wrongly – either intentionally or negligently – represented that the pollution was not covered by the Policy.

20. Mid-Continent, through its agent, the alleged expert, conducted a substandard and improper inspection of the property, which turns out that the result is completely false.

21. The failure to honor the terms of the Policy has proximately caused damages to Plaintiff.

22. Mid-Continent misrepresented the damage sustained and also misrepresented the results.

23. As stated above, Mid-Continent improperly and unreasonably adjusted Plaintiff's claim and misrepresented the cause of, scope of, and damages to Plaintiff's property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

24. Mid-Continent made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Mid-Continent made these false representations with the intent that Plaintiff act in accordance with the misrepresentations.

25. Plaintiff relied on Mid-Continent's misrepresentations, including but not limited to those regarding coverage and the cause and scope of the damage to Plaintiff's property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

26. Furthermore, Mid-Continent failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Mid-Continent performed an unreasonable and substandard inspection that allowed Mid-Continent to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27. Mid-Continent's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of statutory duties constitutes the foundation of a breach of the insurance contract between Defendant Mid-Continent and Plaintiff.

28. Mid-Continent's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(2). Mid-Continent has failed to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.

29. Mid-Continent's conduct further constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices, at Tex. Ins. Code § 541.060(a)(3). Mid-Continent failed to provide Plaintiff a reasonable explanation for its refusal to pay the claim.

30. Mid-Continent's conduct also constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices, at Tex. Ins. Code § 541.060(a)(7). Mid-Continent performed a biased and intentionally substandard inspection and adjustment of the claim.

## VI.   CAUSES OF ACTION

### A.   Count 1 - Breach of Contract

31. All of the foregoing paragraphs and allegations are incorporated herein, as if fully set forth verbatim.

32. Mid-Continent entered into a valid and enforceable contract, the Policy (insurance policy, number 04-TOP-000009349), with Bikuti. The Policy was valid at the time of loss and covers the claim, the pollution incident the subject of the claim, and the costs of damages incurred.

33. Bikuti paid its premiums for the Policy, as required by the Policy.

34. The property suffered a covered loss as described herein above. Mid-Continent breached the Policy by refusing to adequately cover the damages to Bikuti's property in a timely fashion and restore or pay for the restoration of the property as required under the Policy.

35. Mid-Continent's breach of contract has caused damages to Bikuti in an amount within the jurisdictional limits of this Court.

36. Mid-Continent is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Mid-Continent and Plaintiff.

37. Mid-Continent's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under applicable Texas law, constitutes a breach of the insurance contract with Plaintiff.

**B.     Count 2 – Noncompliance with the Texas Insurance Code: Unfair Settlement Practices**

38.     All of the foregoing paragraphs and allegations are incorporated herein, as if fully set forth verbatim.

39.     Mid-Continent's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a). All violations under this article are actionable by Tex. Ins. Code § 541.151.

40.     Mid-Continent's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(l).

41.     Mid-Continent's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Mid-Continent's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A).

42.     Mid-Continent's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3).

43.     Mid-Continent's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(4).

44.     Mid-Continent's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

**C.     Count 3 – Noncompliance with the Texas Insurance Code:  The Prompt Payment of Claims**

45.     All of the foregoing paragraphs and allegations are incorporated herein, as if fully set forth verbatim.

46.     Mid-Continent's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under Tex. Ins. Code § 542.060.

47.     Mid-Continent's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of Tex. Ins. Code § 542.056.

48.     Mid-Continent's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  Tex. Ins. Code § 542.058.

**D.     Count 4 – Breach of the Duty of Good Faith and Fair Dealing**

49.     All of the foregoing paragraphs and allegations are incorporated herein, as if fully set forth verbatim.

50.     Mid-Continent's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

51.     Mid-Continent's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Mid-Continent knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

52. Defendant made each of the acts described above "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

53. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

54. Since the claim was made, Mid-Continent has not properly compensated Plaintiff for all necessary cleanup, which is covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

55. Plaintiff currently estimates that actual damages to the property under the Policy are in excess of $35,000.00.

56. Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

57. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages.

58. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

59. For non-compliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. Tex. Ins. Code § 541.152.

60. For non-compliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. Tex. Ins. Code § 542.060.

61. For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Mid-Continent owed, exemplary damages, and damages for emotional distress.

62. Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that Texas law protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

63. For the prosecution of this action and the collection of the claim the subject hereof, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, and/or sections 541 and 542 of the Texas Insurance Code, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeal(s) of this case.

## CONDITIONS PRECEDENT

64. All conditions precedent to Plaintiff Bikuti's bringing of these causes of action have been performed and met, and/or have occurred.

## VII.  CONCLUSION & PRAYER

65. For these reasons, Plaintiff Bikuti respectfully prays that, after notice and final hearing, it recover from and receive judgment against Defendant Mid-Continent for such sums as would reasonably and justly compensate Plaintiff, in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and/or other applicable law, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

*/s/ Jason Nash*
Jason Nash
Texas Bar No. 24032894
jnash@jasonnashlaw.com
**THE LAW OFFICE OF**
**JASON NASH, P.L.L.C.**
601 Jameson Street
Weatherford, Texas 76086
(817) 757-7062 Phone

-and-

*/s/ Ed Huddleston*
Ed Huddleston
Texas Bar No. 10148300
ehuddleston@lawsnakard.com
**LAW, SNAKARD & GAMBILL, P.C.**
2110 Fort Worth Highway
Weatherford, Texas 76086
(817) 878-6391
(817) 332-7473 Facsimile

**ATTORNEYS FOR PLAINTIFF**
**BIKUTI, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, sending notice to all attorneys of record.

*/s/ Jason Nash*
Jason Nash